IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES E. WALKER,**
**#R02343,**

    **Plaintiff,**    Case No. 21-cv-01173-SPM

v.

**MISTY THOMPSON,**

    **Defendant.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff James Walker, an inmate of the Illinois Department of Corrections (IDOC) currently incarcerated at Sheridan Correctional Center (Sheridan), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). (Doc. 2). The claims in this case were severed from *Walker v. Butler,* 19-cv-445-SPM (S.D. Ill. 2019). In this severed case, Walker contends that Nurse Thompson retaliated against him by denying him medical treatment.

  Walker's Complaint (Doc. 2) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

The claim that was severed into this case is:

**Count 12:** First Amendment claim against Thompson for not referring Walker to an examination by a doctor and denying him medical treatment in retaliation for not signing the co-pay voucher in May 2015.

Walker claims that in May 2015, he had a medical appointment with Nurse Thompson for back pain, sinusitis, and gastrointestinal problems. (Doc. 2, p. 31-32). A correctional officer cuffed Walker's hands behind his back and escorted him to the sick call room. At the appointment, Walker was told to sign a co-pay voucher by Thompson. Walker informed Thompson that he was unable to sign because his hands were cuffed behind his back. Thompson told Walker that she had seen other inmates do it, and Walker responded he was "not other inmates." Thompson told Walker that she would sign the voucher for him, and Walker responded, "that would be forgery." Walker asked the officer in the room to uncuff at least one hand, and the officer refused. Walker told Thompson that he should not have to sign a co-pay voucher because his issues were chronic. Thompson ignored Walker, signed his name on the co-pay voucher, took his temperature, and asked a few questions. She did not refer Walker to a doctor and denied him medical treatment in retaliation for not signing the co-pay voucher.

## DISCUSSION

The Court does not need to delve into the merits of Walker's allegations against Thompson, as it is obvious from the face of the Complaint that the claims are barred by the statute of limitations. Thus, the Complaint does not survive preliminary review pursuant to Section 1915A and will be dismissed with prejudice.

Claims brought pursuant to Section 1983 borrow the statute of limitations from the state in which the alleged violation occurred. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998). Illinois has a two year statute of limitations for personal injury claims. *See* 735 ILCS 5/13-202. Thus, the applicable statute of limitations for

Section 1983 claims arising in Illinois is two years. *See Woods v. Ill. Dep't of Children and Family Servs.*, 710 F.3d 762, 766 (7th Cir. 2013). A court may sua sponte dismiss a case at Section 1915A review if the applicability of the statute of limitations is "so plain from the language of the complaint…that it renders the suit frivolous." *Terry v. Spencer,* 888 F. 3d 890, 894 (7th Cir. 2018) (citations omitted).

This case has a complicated history. Originally, Walker filed a lawsuit in this district on July 16, 2015. *Walker v. Unknown,* No. 15-cv-786-MAB (S.D. Ill.). In that case, the Court found that Walker's first three complaints violated Federal Rule of Civil Procedure 20's joinder requirements. *Unknown,* Doc. 7, 11, 17. Finally, counsel was recruited to represent him, and in February 2016, recruited counsel filed an amended complaint and submitted three proposed complaints that would be severed into separate lawsuits. It was not until April 23, 2019, however, that the Court severed the three proposed complaints. *Unknown,* Doc. 126. One of those severed cases was designated, *Walker v. Butler,* No. 19-cv-00445-SPM, and assigned to the undersigned. In that case, *Walker v. Butler,* Walker amended the complaint three times. *Butler,* Doc. 21, 102. In conducting a preliminary review of Walker's Third Amended Complaint, this Court severed his case into five additional lawsuits, including this one. *Butler,* Doc. 102.

A review of Walker's numerous complaints shows that he did not raise any claims against Thompson for retaliatory conduct or denial of medical care during a sick call appointment in May 2015 until he filed his motion for leave to amend the complaint on September 17, 2020, in *Walker v. Butler.* (*Butler,* Doc. 76). As noted by this Court and District Judge Dugan in Walker's other severed cases, "[e]ven allowing Plaintiff a generous amount of time to exhaust administrative remedies, his September 2020 amended complaint was outside of Illinois' two-year statute of limitations applicable in Section 1983 cases." *Walker v. Smith,* No. 21-cv-1172-SPM, Doc. 15 (S.D. Ill. June 8, 2022); *Walker v. Butler,* No. 21-cv-1174-DWD, Doc. 15 (S.D. Ill. Mar. 28,

2022).[1] Thus, the severed claim, Count 12 against Nurse Thompson, is barred by the statute of limitations and is dismissed with prejudice.

### DISPOSITION

As stated above, the Complaint, including Count 12, is **DISMISSED with prejudice** because it is barred by the statute of limitations.

Walker may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Walker does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   June 13, 2022**

                                           *s/Stephen P. McGlynn*
                                           **STEPHEN P. MCGLYNN**
                                           **United States District Judge**

---

[1] The Court notes that Walker asserts that he grieved "the misconduct and it was denied." (Doc. 2, p. 32). Based on the exhibits filed by Walker, on September 8, 2015, the Administrative Review Board (ARB) received a grievance in which Walker grieved a nurse forging his signature during a sick call appointment in May 2015. (Doc. 2-2, p. 4-5).